UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELLEN CRAWFORD,

    Plaintiff,

v.                                         CASE NO. 3:09-cv-01271-J-32JBT

HYATT CORPORATION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Hyatt's Motion for Sanctions against Plaintiff ("Motion") (Doc. 19). To date, Plaintiff has not filed a response to the Motion and the time for filing a response has passed.[1] Therefore, the Court will treat the Motion as unopposed.

Defendant brings its Motion pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure and seeks sanctions for Plaintiff's failure to appear for her Court ordered physical examination authorized by Rule 35. (Doc. 19.) The parties' agreed upon examination date was January 7, 2011. (*Id.*) This agreement was in compliance with this Court's Order dated December 13, 2010, which provided in relevant part that "[t]he examination of Plaintiff, Ellen Crawford, by Dr. Chaim Rogozinski shall take place on a date and at a time to be coordinated by Hyatt's counsel and Plaintiff's counsel." (Doc. 18.)

---

[1] On February 7, 2011, Plaintiff moved for an unopposed extension of time to respond to the Motion, but did not indicate the length of the requested extension. (Doc. 22.) On February 8, 2011, the Court denied Plaintiff's Motion for Extension of Time without prejudice to filing a proper motion, indicating the requested time frame for the extension, on or before February 15, 2011. (Doc. 23.) Plaintiff has not filed any such motion.

On January 6, 2011, Plaintiff's counsel sent a fax to Defendant's counsel and the fax cover page read as follows: "As we discussed this morning, because of Illness [sic] Ms. Crawford is unable to attend the CME scheduled for January 7, 2011." (Doc. 19-2.) Because the examination was cancelled less than 48 hours before the appointment, pursuant to the doctor's cancellation policy, Defendant forfeited the prepayment sum of $950.00 for the exam. (Doc. 19-3.)

Rule 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Defendant asks for sanctions pursuant to Rule 37(b)(2)(C), which provides as follows:

> Instead of or in addition to the orders above [in Rule 37(b)(2)(A)], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Plaintiff has failed to come forward with any showing that her failure to attend the subject examination was "substantially justified" or of the presence of any circumstances making an award of expenses unjust. Therefore, Defendant's request for reimbursement of the $950.00 fee and for attorney's fees relating to the cancellation and rescheduling of the examination and to the filing of the Motion, is due to be granted. Since there is no evidence that Plaintiff's attorney advised Plaintiff not to attend the examination, the Court will sanction only Plaintiff and not her counsel.

2

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 19**) is **GRANTED**.

2. **On or before May 23, 2011**, Plaintiff, Ellen Crawford, shall pay Defendant the sum of $950.00. Failure to do so may result in the imposition of further sanctions, including contempt of Court.

3. **On or before March 21, 2011**, Defendant may file a motion for attorney's fees for the time necessarily incurred in filing this Motion and in cancelling and rescheduling Plaintiff's examination.

**DONE AND ORDERED** at Jacksonville, Florida, on February 17, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:
Counsel of Record